UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | |
| | * | JURY TRIAL DEMANDED |
| | * | |
| LAWRENCE SCIENEAUX | * | CIVIL ACTION NO. 19-12154 |
| | * | |
| VERSUS | | |
| JEFFERSON PARISH DBA AKA | * | JUDGE |
| JEFFERSON PARISH SEWERAGE | * | |
| DEPARTMENT | * | MAG. |
| | * | |
| | * | |
| FILED: _____ | | DEPUTY CLERK: _____ |

## COMPLAINT

Plaintiff, Lawrence Scieneaux, by his attorney, Glenn C. McGovern, complaining of and Defendant, alleges:

### *JURISDICTION AND VENUE*

1. This action is brought to remedy discrimination on the basis of sex in the terms, conditions, and privileges of employment and to remedy retaliation against an employee for activity protected under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), La. R.S. 23:323, La. R.S. 23:332, and La. R.S. 23:967.

2. Injunctive and declaratory relief, damages or other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 2000e (f) and (g) and La. R.S. 23:323, La. R.S. 23:332, and La. R.S. 23:967.

3. Plaintiff Lawrence Scieneaux, a male and resident of the Parish of Jefferson and state of Louisiana, filed a charge of sexual harassment and sexual discrimination and retaliation for complaining about the sexual harassment by his supervisor Mr. Donald Jackson

against Defendant Jefferson Parish aka dba Jefferson Parish Sewerage Department with the Equal Employment Opportunity Commission on or about September 18, 2018, complaining of the acts of sex discrimination alleged herein. A copy of the EEOC sworn complaint is attached hereto as Exhibit P-1.

4. On or about July 16, 2019, more than 180 days having elapsed since the filing of his charge, Plaintiff received a notice from the U.S. Department of Justice, Civil Rights Division, informing him of his right to sue Defendant in federal court a copy of the right to sue letter is attached hereto as Exhibit P-2 .

5. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3). Jurisdiction of the claims under La. R.S. 23:323, La. R.S. 23:332, and La. R.S. 23:967 is invoked pursuant to the supplemental jurisdiction of the Court per 28 U.S.C. § 1367.

6. As the unlawful employment practices complained of herein occurred within the Eastern District of Louisiana, venue is proper in this District pursuant to § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

7. Plaintiff has been employed by Defendant Jefferson Parish Sewerage Department for over twenty years.

8. Defendant Jefferson Parish Sewerage Department maintains its principal place of business in the City of Harahan, Louisiana.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff was hired as a laborer in 1988 and in May 2012 was promoted to the position of Sewerage Maintenance Foreman. Plaintiff still holds this position to date. Throughout his employment, Plaintiff has distinguished himself professionally and has greatly contributed to the productivity of Defendant Jefferson Parish Sewerage Department.

10. Beginning in 2012, Plaintiff suffered an environment of hostility and animosity and suffered sexual harassment and retaliation for complaining of sexual harassment at the hands of Mr. Donald Jackson, the General Superintendent of Sewerage Line Repair Division, after Plaintiff provided a statement subsequent to witnessing an incident between Mr. Jackson and Plaintiff's former supervisor, Mr. Adolph Grimes. At the time, Mr. Jackson accused Plaintiff of trying to sabotage him by giving the statement. The employer of Plaintiff the Parish of Jefferson is vicariously liable for Mr. Donald Jackson's sexual harassment and retaliation as Mr. Donald Jackson was a supervisor who could, and who Plaintiff perceived could hire and fire employees and who could fire Plaintiff.

11. Over the years, Mr. Jackson's animosity towards Plaintiff has increased. Mr. Jackson routinely makes sexually derogatory comments about Plaintiff and subjects Plaintiff to frequent sexual humiliation in front of other employees. Such examples of Mr. Jacksons comments include: telling other employees that Plaintiff lets other employees "suck his d*ck", announcing at meetings that "Lawrence and Adolph were locked in the office and I don't know what freaky sh*t was going on in there, but it smelled like booty", calling Plaintiff a "butt f*cker" and a "double d*ck sucker".

12. Mr. Jackson conducted "bullring meetings" at least once a week, often times more than once a week, for years from 2012 through 2017, in which Mr. Jackson would harass,

berate, and belittle employees with degrading sexual remarks and with whom he was personally, and not professionally, dissatisfied with. Mr. Jackson routinely used these "meetings" to publicly humiliate Plaintiff by calling him, in front of everyone in derogatory sexual vulgar terms, a "faggot ass" and a "d*ck sucking b*tch".  On one occasion, for example, Mr. Jackson berated Plaintiff for approximately 45 minutes in front of everyone, calling him  vulgar sexual names and shouting at him and would not relent despite protest. Other employees complained to  Defendant's Human Resources Department that this happened and that the "meetings" would last until Mr. Jackson had his fill of ranting and screaming sexually profane words against Plaintiff, often times lasting until employees could no longer stand and instead began to kneel. These meetings were impromptu and conducted at random, as they were dictated not by policy but by Mr. Jackson's personal vendetta against those working underneath him. These actions were known by Plaintiff's employer and condoned by Defendant.

13. Plaintiff has worked at the Jefferson Parish Sewerage Department for 20 years and during this time he has proven himself to be a valuable and dependable asset. Over the years, numerous positions became available for which Plaintiff was certainly qualified, however, Mr. Jackson purposefully denied Plaintiff's advancement in retaliation for Plaintiff's complaints against him.

14. Plaintiff routinely applied and interviewed for promotions at the Jefferson Parish Sewerage Department over the years. In 2016, Plaintiff applied for the position of Sewerage Line Superintendent and Mr. Jackson told Plaintiff that "there's really nobody more qualified [for the job] than you". Other employees confirmed to Training Specialists Yvonne Keller and Greg Alexander, fact finders for Plaintiff's February 27,

2018 grievance, that Mr. Jackson explicitly stated, "Lawrence will never be a superintendent, period". In fact, other employees stated to human resources that Mr. Jackson "lets everyone know how much he hates Mr. Scieneaux." Mr. Jackson was and is known to target the foremen or someone seeking a position and has been confirmed as telling employees that he "sees every grievance, [he] sees everything".

15. Mr. Jackson used his position to exert personal power and to intimidate and harass those he supervised, such as Plaintiff who objected to his constant barrage of sexual humiliation through his use of demeaning sexual remarks about Plaintiff to Plaintiff and in front of other co-employees. Other employees interviewed by human resources also confirmed that Mr. Jackson has made sexual remarks and other retaliatory remarks in the past such as, "Do you know how much power I have?" and "I can take your raise and already have the power to do it." Mr. Jackson routinely tried to exert power over his employees by telling them things such as "HR are my friends, they're not going to turn on me, Brett Todd (Sewerage Director) is looking out for me" and that he "sees every grievance" in order to deter employees from filing grievances against him. Mr. Jackson even went so far as to make the comment "my son is a murderer and has beaten a murder charge" as a means to intimidate those working below him.

16. Despite Mr. Jackson's intimidation, Plaintiff made numerous complaints about Mr. Jackson's sexual harassment and sexual discrimination, however, no action was ever taken. In November of 2017, Plaintiff filed a grievance with the Sewerage Director Brett Todd against Mr. Jackson for his inappropriate behavior and sexual harassment and retaliation against Plaintiff. On January 31, 2018 Plaintiff filed another grievance against Mr. Jackson, this time for blocking his advancement and denying him promotions as

retaliation for his complaints of sexual harassment. Again, on February 27, 2018, Plaintiff filed another grievance as the sexual harassment continued unabated despite his prior complaints. At each turn, no disciplinary action was taken against Mr. Jackson and no measures were put into place to protect Plaintiff and others similarly situated from the sexual harassment, sexual discrimination, and retaliation inflicted by Mr. Jackson. Instead, the sexual harassment and retaliation for complaining of sexual harassment only grew worse.

17. The Jefferson Parish Sewerage Department was well aware of Mr. Jackson's behavior concerning sexual harassment and retaliation due to Plaintiff's and others' formal complaints. In fact, the Jefferson Parish Sewerage Department ratified this behavior by failing to take any action despite Plaintiff and other employees filing grievances. Plaintiff had to suffer this sexual harassment and abuse for years despite following the proper procedures for reporting the workplace harassment and retaliation, which has caused Plaintiff severe mental and emotional anguish. Plaintiff offered to discuss settlement more than 30 days prior to filing this suit and attended mediation with the EEOC, but no settlement was offered nor did this matter settle amicably.

### FIRST CAUSE OF ACTION

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17 of this Complaint with the same force and effect as if set forth herein.

19. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his sex in violation of Title VII.

20. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court

grants relief. Plaintiff has had to be given medical treatment and counseling due to mental anguish he has sustained due to Defendant's gross negligence and failure to implement a viable sexual harassment policy in the workplace.

## SECOND CAUSE OF ACTION

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20 of this Complaint with the same force and effect as if set forth herein.

22. Defendant has retaliated against Plaintiff and has denied him opportunities for employment on the basis of his having complained of discrimination, in violation of Title VII.

23. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## THIRD CAUSE OF ACTION

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23 of this Complaint with the same force and effect as if set forth herein.

25. The above acts and practices of Defendant constitute unlawful discriminatory employment practices within the meaning of La. R.S. 23:323, La. R.S. 23:332, and La. R.S. 23:967.

26. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a) Declaring that the acts and practices complained of herein are in violation of Title VII;

b) Enjoining and permanently restraining these violations of Title VII;

c) Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and retaliatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including but not limited to, wages, pension, and other lost benefits.

e) Awarding the Plaintiff compensatory and punitive damages to satisfy the harm caused by Defendant.

f) Awarding Plaintiff, the costs of this action together with reasonable attorneys' fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-6(k);

g) Declaring that the acts and practices complained of herein are in violation of La. R.S. 23:323, La. R.S. 23:332, and La. R.S. 23:967;

h) Directing Defendant to pay Plaintiff compensatory damages and damages for his past and present mental anguish ,humiliation, and medical expenses including therapy and counseling;

i) Granting such other and further relief as this Court deems necessary and proper.

### *DEMAND FOR A TRIAL BY JURY*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

_____
Glenn C. McGovern (LA Bar No. 9321)
2901 Division St., Ste. 201
Metairie, LA 70002
Mailing address
P.O. Box 516
Metairie, La. 70004
Phone: (504)456-3610
Facsimile: (504)456-3611
E-mail: Glenn@glennmcgovern.com

*Attorney for Plaintiff*

**SERVICE:**

**Please prepare citation and serve:**

 1. **JEFFERSON PARISH DBA AKA**
**JEFFERSON PARISH SEWERAGE**
**DEPARTMENT thru its Chief Executive Officer:**
**Michael S. Yenni, Parish President**
**1221 Elmwood Park Blvd, Suite 1002**
**Jefferson, LA 70123**